# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COYOTE SPRINGS INVESTMENT, LLC, ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF NEVADA, ET AL, <br><br> Defendants. | Case No. 2:20-cv-01842-KJD-DJA <br><br> **ORDER** |

Presently before the Court is Defendants' Motion to Stay Discovery (ECF No. 17), filed on November 17, 2020. The Court also considered Plaintiff's Response (ECF No. 28), filed on December 1, 2020 and Defendants' Reply (ECF No. 31), filed on December 8, 2020. This matter is also before the Court on Plaintiff's Proposed Discovery Plan and Scheduling Order (ECF No. 23), filed on November 19, 2020. The Court finds these matters properly resolved without a hearing. *See* Local Rule 78-1.

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *See Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at \*2 (D. Nev. May 1, 2013). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *see also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at \*1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,*

288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed. *See, e.g., Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value."); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Tradebay*, 278 F.R.D. at 602-603. In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Id.* This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases.

After taking a preliminary peek at the pending motions to dismiss, remand, and consolidate (ECF Nos. 4, 12, 22) and associated briefing, the Court finds that Defendants have carried their heavy burden of establishing that discovery should be stayed. The issues before the Court in the pending motions do not require further discovery. Additionally, discovery is expensive and resolving issues of jurisdiction at the earliest possible stage of litigation is important. The Court is not convinced that Plaintiff will survive Defendants' jurisdictional challenge, but notes, of course, that its view "may be very different than how the assigned district judge will see the . . . picture." *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 WL

4846152, *4 (D. Nev. Oct. 10, 2012).  As such, the Court finds this is a case where a temporary stay of discovery will further the goal of judicial economy.  The Court will deny Plaintiff's proposed discovery plan as it is now moot.

IT IS THEREFORE ORDERED that Defendants' Motion to Stay Discovery (ECF No. 17) is **granted**.

IT IS FURTHER ORDERED that Plaintiff's Proposed Discovery Plan and Scheduling Order (ECF No. 23) is **denied as moot**.

IT IS FURTHER ORDERED that in the event that the motion to dismiss is not granted in full and the case is not remanded, the parties shall file a stipulated proposed discovery plan and scheduling order no later than 14 days after a decision on the pending motion to dismiss (ECF No. 4) is issued by the court.

DATED: December 14, 2020

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE