UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COYOTE SPRINGS INVESTMENT, LLC, a Nevada limited liability company, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEVADA, on relation to its Division of Water Resources, Department of Conservation and Natural Resources, TIM WILSON, Nevada State Engineer,<br><br>Defendants. | Case No. 2: 20-cv-1842-KJD-DJA<br><br>ORDER |

Presently before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint (#18). Defendants filed a response in opposition (#29) to which Plaintiffs replied (#32). Also before the Court is Plaintiffs' Motion to Remand (#19). Defendants filed a response in opposition (#30) to which Plaintiffs replied (#33).

I. Background

On August 28, 2020, the Coyote Springs Plaintiffs filed this action in the Eighth Judicial District Court, Clark County, Nevada as Case No. A-20-820384-B. Plaintiffs' Complaint alleged causes of action for inverse condemnation (Lucas and Penn Central regulatory takings), pre-condemnation damages, equal protection violations, a 42 U.S.C. §1983 claim, and a demand for attorneys' fees. Plaintiffs assert their Complaint was filed in Nevada's State District Court as each of Plaintiffs' claims are heavily intertwined with questions of Nevada state law.

On October 2, 2020, the Defendants removed the Complaint to the United States District Court for the District of Nevada due to the federal questions arising out of the inverse condemnation claims' references to the Fifth Amendment to the U.S. Constitution, the Equal Protection claim's references to the Fourteenth Amendment to the U.S. Constitution, and the

federal 42 U.S.C. §1983 claim. See Defendant's Notice of Removal, Doc. No. 1. Defendants' removal was based upon 28 U.S.C. §§ 1331; 1367(a).

Following removal to this Court, on October 9, 2020, Defendants filed their Motion to Dismiss Plaintiffs' Complaint (#4) in its entirety. On November 2, 2020, Plaintiffs filed their Opposition (#9) to Motion to Dismiss. The Opposition to the Motion to Dismiss included a request for leave to amend, should the Court determine that any of Plaintiffs' claims were insufficiently pled and subject to dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(6).

Plaintiffs then filed the present motion to amend and motion to remand. Plaintiffs clarify that each of Plaintiffs' claims are entirely based in state law and that Plaintiffs have withdrawn their federally based claims and are not pursuing any federal claims or causes of action. Plaintiffs argue their original intent in this action was to allege primarily state law claims and to litigate the claim in Nevada state courts. According to Plaintiffs, the original Complaint referenced the U.S. Constitution as state courts often and regularly apply the federal law and standards to inverse condemnation claims and civil rights violations of the Nevada Constitution.

To clarify this intent to litigate in Nevada state court, Plaintiffs' [Proposed] First Amended Complaint[1] makes clear that the inverse condemnation claims and civil rights claims are all brought only under the Nevada Constitution's protections of property rights and equal protection of the law. Plaintiffs' equal protection claim is now clearly based on the Nevada Constitution and the 42 U.S.C. §1983 claim has been withdrawn from the [Proposed] First Amended Complaint. The only other changes from the initial complaint to the First Amended Complaint are found within Paragraph 66 of the [Proposed] First Amended Complaint wherein Plaintiffs, in the Nevada based Equal Protection Claim, allege facts related to the State's unequal treatment of Plaintiffs compared to its treatment of Moapa Valley Water District ("MVWD") in regards to application of the underlying State Orders 1303 and 1309, use of their water rights, and the application of the subdivision map moratorium. Having withdrawn any reliance upon

---

[1] Plaintiffs have attached the proposed amended complaint as required by Local Rule 15-1(a) which they did not do when they alternatively requested leave to amend in opposition to the motion to dismiss.

- 2 -

federal law in pursuit of their claims, Plaintiffs seek remand since the court would no longer have original jurisdiction.

II. Analysis

    A. Motion to Amend

    Pursuant to Rule 15, a party may amend its pleadings only by leave of the court after responsive pleadings have been filed and in the absence of the adverse party's written consent. Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001). The court has discretion to grant leave and should freely do so "when justice so requires." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a). However, courts may deny leave to amend if (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. Leadsinger, Inc., v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

    Plaintiffs are forthright in acknowledging that they seek to amend the complaint for the sole purpose of removing all federal claims with the intention of having the action remanded to state court. The question is whether the factors fall on the side of the liberal rule in favor of amendment. Here, in the early stages of litigation, the motion to amend having been filed long before the deadline in the discovery plan and scheduling order, amendment will cause no undue delay. However, it cannot be said that Defendants will not suffer some prejudice from the amendment. But there is no indication that prejudice would be "undue." Plaintiffs cannot be forced to assert and litigate particular claims. The paramount policy of pleading is that "the plaintiff is the master of the complaint[.]" See Caterpillar, Inc. v. Williams, 482 U.S. 386, 398-99 (1987). Rather than being made in bad faith, Plaintiffs admit that they seek amendment for the purpose of avoiding federal jurisdiction. Id. at 399 ("the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court").

    Finally, Defendants rely on futility to oppose Plaintiffs' proposed amendments. However, the questions raised by Defendants go to the heart of Plaintiffs' claims. They involve questions of Nevada law, interpretation of Nevada statute, and public policy of substantial import that

should be resolved by the courts of Nevada. Accordingly, the Court grants Plaintiffs' motion to amend.

B. Motion to Remand

Federal courts have removal jurisdiction only if there is original jurisdiction over a suit. See 28 U.S.C. §1441(a); Caterpillar, 482 U.S. at 392 ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant"). In effect, a party seeking to retain a case in federal court must show that plaintiff has either alleged a federal claim, a state claim that requires a resolution of a substantial issue of federal law, or a state claim completely pre-empted by federal statute. See American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987).

Here, Plaintiffs have amended the complaint to remove all federal claims. Defendants are correct in asserting that a plaintiff may not **compel** remand by amending a complaint to eliminate the federal claims that provided the basis for removal. See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). Retaining jurisdiction to adjudicate pendent state law claim is within the discretion of the Court. See 28 U.S.C. § 1367(c). Here, the Court finds that the claims raised by Plaintiffs substantially predominate over the claims which the Court had original jurisdiction over and the claims raise novel and complex issues of state law. See 28 U.S.C. § 1367(c)(1,2). Therefore, the Court declines to exercise its supplemental jurisdiction over the amended claims and remands them to state court.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint (#18) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand (#19) is **GRANTED**;

///

///

///

///

IT IS FINALLY ORDERED that all other outstanding motions are **DENIED as moot**.

DATED this 28th day of September 2021.

_____
The Honorable Kent J. Dawson
United States District Judge